AUDRA R. BEHNÉ
LAW OFFICES OF AUDRA R. BEHNÉ
A Professional Corporation
14724 Ventura Boulevard, 2nd Floor
Sherman Oaks, CA 91403
Tel - (818) 881-2155
Fax - (818) 995-0007
audrabehne@aol.com

California Bar No. 180038

Attorney for Zhigang Bai and Jingxu Zhao, Plaintiffs

ORIGINAL FILED

OCT 15 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SI

CV NO: C 07 5251

| | |
|---|---|
| ZHIGANG BAI and JINGXU ZHAO,<br><br>    Plaintiffs,<br><br>vs.<br><br>EMILIO T. GONZALEZ, Director of the United States Citizenship and Immigration Services; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; PETER D. KEISLER, Acting United States Attorney General; ROBERT MUELLER, Director of the Federal Bureau of Investigations; and FEDERAL BUREAU OF INVESTIGATIONS<br><br>    Defendants. | COMPLAINT FOR A WRIT IN NATURE OF MANDAMUS TO COMPEL ADMINISTRATIVE ACTION<br><br>IMMIGRATION CASE |

## I. INTRODUCTION

1. Plaintiffs are husband and wife respectively. Plaintiffs are seeking mandamus to compel Defendants to complete the background investigation and adjudication of their

1

Complaint

Applications for Adjustment of Status (Form I-485) currently pending with the Citizenship and Immigration Services.

## II. PARTIES

2. Plaintiffs, Zhigang Bai and Jingxu Zhao, husband and wife, are natives and citizens of China and reside in Fremont, California. Zhigang Bai is employed by Western Digital Technologies, Inc. in Fremont, California. The alien numbers for Plaintiffs are A99 054 496 and A99 054 497, respectively.

3. Defendant, Emilio T. Gonzalez, is the Director of the United States Citizenship and Immigration Services. He is sued in his official capacity.

4. Defendant, United States Citizenship and Immigration Services is the agency responsible for implementing the provisions of the Immigration and Nationality Act and is the successor agency to the Immigration and Naturalization Service.

5. Defendant, Michael Chertoff, is the Secretary of the United States Department of Homeland Security, which overseas the United States Citizenship and Immigration Services. He is sued in his official capacity.

6. Defendant, Peter D. Keisler, is the Acting Attorney General of the United States. He is sued in his official capacity.

7. Defendant, Robert Mueller, is the Director of the Federal Bureau of Investigations, the federal agency that is responsible for completing security checks and background clearances of foreign nationals seeking immigration benefits from the United States Citizenship and Immigration Services.

8. Federal Bureau of Investigations is the federal agency, which is responsible for completing security checks and background clearances of foreign nationals seeking immigration benefits from the United States Citizenship and Immigration Services.

## III. JURISDICTION AND VENUE

9. This is an action for mandamus and injunctive relief in accordance with the provisions of 28 U.S.C. § 2201 and § 2202 (2006), and is brought for the purpose of determining a question of actual controversy between the parties, as more fully explained in the remainder of this complaint.

10. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331 (2006), this being an action which arises under the Constitution and laws of the United States, specifically the Immigration and Nationality Act, 8 U.S.C. § 110, et seq. (2006); pursuant to 28 U.S.C. § 2201 (2006); pursuant to 8 U.S.C. § 1329 (2006), this being an action arising under the provisions of the Immigration and Nationality Act; pursuant to 28 U.S.C. § 1361 (2006), this being an action in the nature of mandamus to compel officers and employees of an agency of the United States to perform duties owed to Plaintiffs; and pursuant to 5 U.S.C. § 701, et. seq. (2006), this being an action alleging violation of the Administrative Procedure Act.

11. Jurisdiction of this court is not limited by 8 USC § 1252(a)(2)(B) or the REAL ID Act, P.L. 109-13, 119 Stat. 231 (May 11, 2005), as this is a writ of mandamus action seeking to compel the government to perform nondiscretionary duties that are required by law. See e.g., Montero-Martinez v. Ashcroft, 277 F.3d 1137 (9th Cir. 2002).

12. Venue properly lies in this Court pursuant to the provisions of 28 U.S.C. §§1391(e) and 1402 (2006) and 5 U.S.C. § 703 (2006).

13. Plaintiffs allege eligibility for payment of reasonable attorney's fees under the terms of the Equal Access to Justice Act pursuant to 28 U.S.C. § 2412 (2006) and 5 USC § 504 et seq. (2006).

## IV. INTRADISTRICT ASSIGNMENT

14. Pursuant to Civil L.R. 3-2, the San Francisco division has jurisdiction over this matter as Plaintiffs reside in Alameda County.

## V. FACTUAL BACKGROUND

15. Plaintiff Zhigang Bai is a Ph.D. graduate in Computer Engineering from Carnegie Mellon University in Pittsburgh, Pennsylvania and is currently employed by Western Digital Technologies, Inc. in Fremont, California as a Principal Engineer.

16. On or about August 10, 2005, Western Digital Technologies, Inc. filed with the Citizenship and Immigration Services, California Service Center, an Immigrant Visa Petition (Form I-140) on behalf of Plaintiff Zhigang Bai. On or about September 22, 2005, Plaintiffs Zhigang Bai and Jingxu Zhao filed with the Citizenship and Immigration Services, California Service Center, Applications to Adjust Status (Form I-485) based upon the Immigrant Visa Petition (Form I-140) filed by Western Digital Technologies, Inc.

17. On or about January 26, 2006, the Citizenship and Immigration Services approved the aforementioned Immigrant Visa Petition (Form I-140).

18. The Applications for Adjustment of Status (Form I-485) filed by Plaintiffs Zhigang Bai and Jingxu Zhao are still pending with no resolution.

## VI. CAUSES OF ACTION

### A. FACTS SUPPORTING MANDAMUS

19. Plaintiffs filed their Applications for Adjustment of Status (Form I-485), as previously described, with Defendants, pursuant to 8 USC §1255 (2006). Defendants have accepted the applications and the corresponding filing fees paid by Plaintiffs. However, through purposeful acts, negligence, poor management and/or inattention, Defendants have failed to

complete the ministerial actions that would result in allowing them to adjudicate Plaintiffs' applications.

20. Several inquiries have been submitted requesting information regarding the current status of Plaintiffs' applications. These inquiries were submitted in accordance with the procedures established by Defendants for such purposes.

21. Defendants have not taken action to complete the adjudication of said applications in this action despite these numerous inquiries and requests.

22. Defendants have adjudicated similar applications filed by persons who are not parties to this action and which were filed subsequent to the applications filed by Plaintiffs.

23. Defendants do not employ any reasonable system to safeguard that: (1) files are centrally monitored to guarantee that they are being closed out on a rational, efficient and nonpreferential basis; or (2) applicants are provided with information on the status of files that have not been adjudicated on a timely basis.

24. Plaintiffs have been denied due process of law under the terms of the Fifth Amendment to the United States Constitution by Defendants' neglect and refusal to take action to adjudicate Plaintiffs' applications.

25. Plaintiffs have suffered and continue to suffer irreparable harm as a result of Defendants' delay and refusal to take action. This harm includes, but is not limited to: an unreasonable delay in establishing eligibility for United States citizenship and the privilege that come with it, such as voting; inability to relocate; inability to receive promotions or otherwise advance in their career; separation from family; inability to obtain home loans; and generally, continuing mental distress resulting from their unsettled legal condition.

26. There is no reasonable basis for Defendants' position and it is not substantially justified under the law.

27. Defendants have in their possession all information necessary to complete the adjudication of Plaintiffs' applications. Defendants' refusal to complete this administrative processing is a disregard of their official duty and Plaintiffs are wholly without remedy, under the circumstances, unless mandamus is ordered by this Court.

**B. VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

28. The Administrative Procedure Act (hereinafter "APA") provides categorically that:

[t]he reviewing court shall-

(1) compel agency action unlawfully withheld or unreasonably delayed; and
(2) hold unlawful and set aside agency action, findings, and conclusions found to be-
A) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law; [or]
B) contrary to constitutional right, power, privilege or immunity....

5 U.S.C. § 706 (2006). Defendants' conduct in failing to process Plaintiffs' Applications for Adjustment Status is in violation of the APA.

29. The APA provides categorically that "within a reasonable time, each agency shall proceed to conclude any matter presented to it." 5 U.S.C. § 555(b) (2006). In recognition that a failure or unwarranted refusal to adjudicate should be enjoined, Congress provided that courts may review the inaction of an agency and specifically "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706 (2006).

30. Defendants' conduct in failing to process Applications for Adjustment of Status, as described in the aforementioned allegations, is capricious and arbitrary and results in severe and

unwarranted delay to Plaintiffs in obtaining valuable immigration and citizenship benefits. The delay so incurred is tantamount to a violation of the APA, 5 U.S.C. § 555 and §706 (2006).

31. Plaintiffs have suffered and continue to suffer severe and irreparable injury for which they have no adequate remedy at law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

1. Judgment is entered ordering Defendants to forthwith adjudicate Plaintiffs' Applications for Adjustment of Status;

2. Defendants be permanently enjoined from refusing to communicate with attorney for Plaintiffs regarding the status of their case;

3. Defendants be ordered to pay the cost of suit herein;

4. Defendants be ordered to pay Plaintiffs' reasonable attorney's fee for this action; and

5. The Court grants such other and further relief as it may deem to be necessary and proper.

Dated: October 11, 2007        Respectfully submitted,

                               LAW OFFICES OF AUDRA R. BEHNÉ

                               *[signature]*
                               AUDRA R. BEHNÉ
                               Attorney for the Plaintiffs